IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ISSAC BURT,

       Appellant,

 v.                                         Case No.  5D17-724

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed September 1, 2017

3.850 Appeal from the Circuit Court
for Seminole County,
Debra S. Nelson, Judge.

Deana K. Marshall, of Law Office of Deana
K. Marshall, P.A., Riverview, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Issac Burt ("Appellant") appeals the trial court's order summarily denying his

Florida Rule of Criminal Procedure 3.850 motion for postconviction relief alleging

ineffective assistance of counsel. We find that the attached records conclusively refute

ground one of Appellant's motion. However, we do not find that the attached records

conclusively refute the remaining grounds, in which Appellant argued that defense

counsel provided ineffective assistance by failing to object to repeated improper statements during the State's closing argument (ground two) and by failing to adequately cross-examine the State's expert witness (ground three). Therefore, we reverse and remand for the trial court to either attach records conclusively refuting grounds two and three or to hold an evidentiary hearing on these grounds. See, e.g., Freeman v. State, 761 So. 2d 1055, 1061 (Fla. 2000) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.").

AFFIRMED in part; REVERSED in part; REMANDED with Instructions.

COHEN, C.J., WALLIS and EDWARDS, JJ., concur.